Case 2:02-cr-00208-EFS   Document 46   Filed 09/16/05

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | NO. CR-02-0208-EFS |
| --- | --- |
| Respondent, | [NO. CV-05-0268-EFS] |
| v. | **ORDER DENYING IN PART & HOLDING IN ABEYANCE IN PART PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE SENTENCE** |
| LUIS MENDOZA-MORALES, | |
| Petitioner. | |

BEFORE THE COURT without oral argument are Petitioner Luis Mendoza-Morales' Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, (Ct. Rec. 43), and Motion for Appointment of Counsel, (Ct. Rec. 44). Upon receipt of a 28 U.S.C. § 2255 habeas petition, the district court is required to review the motion, files, and records, to determine whether they "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255 ¶ 2. After conducting this review, the Court determines Mr. Mendoza-Morales conclusively is not entitled to relief under his *Booker* claim; thus, Petitioner's petition is denied in part (*Booker* claim) and held in abeyance in part (ineffective assistance of counsel claim) and his Motion for Appointment of Counsel is denied.

///

///

ORDER ~ 1

**A.  Background**

The Indictment, filed August 2, 2002, charged Mr. Mendoza-Morales with Alien in the United States following Deportation in violation of 8 U.S.C. § 1326, (Ct. Rec. 1).  Mr. Mendoza-Morales entered a guilty plea to the Indictment pursuant to a Plea Agreement on August 19, 2003. (Ct. Recs. 23 & 24.)  On December 19, 2003, the Court sentenced Mr. Mendoza-Morales to seventy-seven months, with two years of supervised release to follow.  (Ct. Recs. 32 & 33.)  Thereafter, Mr. Mendoza-Morales appealed his sentence, (Ct. Rec. 34).  On July 15, 2004, the Ninth Circuit denied his appeal, affirming the district court's sentence, (Ct. Rec. 42).  On September 2, 2005, Mr. Mendoza-Morales filed the instant habeas petition, challenging the constitutionality of his sentence on the grounds that the district court increased his U.S. Sentencing Guideline range based on facts not proven to a jury and contending he received ineffective assistance of counsel.

**B.  28 U.S.C. § 2255**

Section 2255 of United States Code title 28 allows a prisoner in custody to attack a sentence on the grounds such sentence was imposed in violation of the federal constitution or law, the court did not have jurisdiction to impose such a sentence, the sentence was in excess of the maximum authorized by law, and/or otherwise subject to collateral attack. 28 U.S.C. § 2255.  Yet, in order to bring such a suit, the petitioner must file suit within a year of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

ORDER ~ 2

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* ¶ 6. In regards to subsection (1), the U.S. Supreme Court ruled, for purposes of habeas review, a conviction is final when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987). The Supreme Court clarified, "for the purpose of starting the clock on § 2255's one-year limitation period, . . . a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 525 (2003). Supreme Court Rule 13 provides "a petition for a writ of certiorari to review a judgment in any case . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment."

Mr. Mendoza-Morales appealed the district court's sentence, and on July 15, 2004, the Ninth Circuit entered a judgment affirming the conviction. (Ct. Rec. 42.) Mr. Mendoza-Morales did not appeal the Ninth Circuit's decision. Accordingly, the Court finds the statute of limitations for Mr. Mendoza-Morales to file his § 2255 habeas petition began to run on October 12, 2004, – 90 days following the entry of the Ninth Circuit's judgment. Therefore, the Court finds Mr. Mendoza-Morales' habeas petition, filed on September 2, 2005, to be timely.

///

ORDER ~ 3

### C.   Claim 1: *United States v. Booker*

Mr. Mendoza-Morales "challeng[es] the constitutionality of [his] sentence which was imposed under the U.S. sentencing guidelines which are now advisory without consideration of factors pursuant to 18 U.S.C. [§] 3553(a)."  (Ct. Rec. 43.)  Although Mr. Mendoza-Morales did not cite to *United States v. Booker*, 125 S. Ct. 738 (2005), the Court understands Mr. Mendoza-Morales to be relying upon the principles set forth by the U.S. Supreme Court in *Booker*.  As explained below, given that *Booker* was decided following Mr. Mendoza-Morales' direct appeal, the Court finds Mr. Mendoza-Morales is not entitled to benefit from *Booker*.

Generally, new rules of criminal procedure "will not be applicable to those cases which have become final before the new rules are announced."  *Teague v. Lane*, 489 U.S. 288, 310 (1989).  This bar applies equally to a federal habeas corpus petitioner who wishes to collaterally attack his conviction, unless an exception applies.  *Id*. at 311.  An exception applies if the analysis set forth by the Supreme Court in *Teague* is satisfied.  *Id.*

"Under *Teague,* the determination whether a rule of criminal procedure applies retroactively to a case on collateral review requires a three-step inquiry."  *Beard v. Banks*, 124 S. Ct. 2504, 2510 (2004).  First, the Court must determine if Mr. Mendoza-Morales' conviction became final prior to the Supreme Court's decision in *Booker. Id*.  Second, the Court must determine whether the rule announced in *Booker* qualifies as a "new rule."  *Id.*  Third, if those two conditions are satisfied, the Court examines whether the new rule falls within one of *Teague's* two narrow non-retroactivity exceptions: (1) whether the new rule is

ORDER ~ 4

"substantive," *i.e.* forbids punishment of certain primary conduct or prohibits a certain category of punishment for a class of defendants because of their status or offense, or (2) whether the new rule is a "watershed rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *Id.* at 2513.

In regards to the first prong, the Court already determined Mr. Mendoza-Morales' conviction became final on October 12, 2004, - several months before the Supreme Court issued its decision in *Booker* on January, 12, 2005. Thus, the first *Teague* prong is satisfied.

As to the second prong under *Teague*, the Court finds *Booker* clearly establish a new rule. In general, "a case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final." *Teague,* 489 U.S. at 301. Prior to *Booker*, *Apprendi v. New Jersey*, 530 U.S. 466 (2000), established a federal judge at sentencing could enhance a sentence based on facts not admitted by the defendant or found by the jury, so long as the enhancement did not increase the defendant's sentence beyond the prescribed statutory maximum. *Apprendi*, 530 U.S. at 490. In *Washington v. Blakely*, 124 S. Ct. 2531 (2004), the Supreme Court applied *Apprendi* to Washington's sentencing scheme, stating "'the statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." *Blakely*, 124 S. Ct. at 2537 (emphasis in original). Thereafter, in *Booker*, the Supreme Court concluded "the Sixth Amendment as construed in *Blakely* does apply to the [Federal] Sentencing Guidelines." *Booker*, 125 S. Ct. at 746.

ORDER ~ 5

Every court of appeals to consider the question has concluded the rule set forth in *Booker* is new. For instance, the Sixth Circuit concluded "[t]he *Booker* rule is clearly new. It was not dictated by precedent existing at the time [the defendant's] conviction became final, and it would not have been apparent to 'all reasonable jurists.'" *Humphress v. United States*, 398 F.3d 855, 861 (6th Cir. 2005). The Sixth Circuit also noted that prior to *Booker*, "the federal judiciary [had] been deeply divided on the issue of whether the rule announced in *Blakely* [applied] to the Federal Guidelines lends further support to the conclusion that *Booker* announced a new rule." *Id*. This finding was echoed by the Second Circuit. *Guzman v. United States*, 404 F.3d 139, 142 (2d Cir. 2005) ("It cannot be said that the result in *Booker* was apparent to 'all reasonable jurists' . . . *Booker* announced a new rule"). The Court agrees with the trend of the Circuits.[1]

Since Mr. Mendoza-Morales' conviction became final prior to the *Booker* decision and because *Booker* qualifies as a new rule, the Court must determine whether this new rule falls within the two exceptions to non-retroactivty. First, the Court finds *Booker* did not create a new "substantive" rule, as it did not add or remove any conduct from the realm of criminal offenses. *See Schardt*, 414 F.3d at 1036; *Teague*, 489 U.S. at 307.

Second, the Court finds the procedural new rule established in *Booker* does not amount to a "watershed rule of criminal procedure

---

[1] The Ninth Circuit has not addressed whether *Booker* qualifies as a new rule; however, in *Schardt v. Payne*, 414 F.3d 1025, 1035 (9th Cir. 2005), the Ninth Circuit ruled that *Blakely* created a new rule.

ORDER ~ 6

implicating the fundamental fairness and accuracy of the criminal proceeding." *Beard*, 124 S. Ct. at 2513.[2]  The Court finds the Seventh Circuit's discussion on this point cogent:

> [t]he [U.S. Supreme] Court held in *DeStafano v. Woods* and reiterated in *Summerlin*, that the choice between judges and juries as fact finders does not make such a fundamental difference; to the contrary, the Court stated in *Summerlin*, it is not clear which is more accurate. What is more, *Booker* does not in the end move any decision from judge to jury, or change the burden of persuasion. The remedial portion of *Booker* held that decisions about sentencing factors will continue to be made by judges, on the preponderance of the evidence, an approach that comports with the sixth amendment [sic] so long as the guideline system has some flexibility in application. As a practical matter, then, petitioners' sentences would be determined in the same way if they were sentenced today; the only change would be the degree of flexibility judges would enjoy in applying the guideline system. That is not a "watershed" change that fundamentally improves the accuracy of the criminal process.

*McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005) (citations omitted).  Furthermore, the Supreme Court specifically stated in *Booker* its holding applied "to all cases on *direct review*." *Booker*, 125 S. Ct. at 769 (emphasis added).  This statement evidences the Supreme Court's intent to not apply *Booker* retroactively to cases on collateral review. For these reasons, the Court concludes *Booker* does not retroactively

///
///
///
///
///

---

[2] The Supreme Court previously noted the narrowness of this exception, stating it has "yet to find a new rule that falls under the *Teague* exception." *Beard*, 124 S. Ct. at 2513-14.

ORDER ~ 7

apply to Mr. Mendoza-Morales' sentence.[3]  Accordingly, the Court denies Mr. Mendoza-Morales' habeas petition in part.

**D.  Ineffective Assistance of Counsel**

Mr. Mendoza-Morales also claims "ineffective assistance of counsel." This claim was not supported by any facts. Accordingly, the Court is uncertain as to what assistance by counsel Mr. Mendoza-Morales is claiming was ineffective. No later than October 21, 2005, Mr. Mendoza-Morales shall provide a basis for this claim.  **Mr. Mendoza-Morales is warned that failure to respond by October 21, 2005, will result in the denial of his remaining habeas petition**.  In addition, the Court cautions

---

[3] While the Ninth Circuit has ruled that *Blakely* is not retroactive, *see Schardt v. Payne*, 414 F.3d 1025, 1036 (9th Cir. 2005) (initial petition); *Cook v. United States*, 386 F.3d 949, 950 (9th Cir. 2004) (successive habeas petition); the Ninth Circuit has yet to rule on the retroactive application of *Booker*. However, the Court's conclusion that *Booker* does not apply retroactively to criminal cases that became final before January 12, 2005, is consistent with rulings of the federal circuit court of appeals that have addressed this issue. *See, e.g. Cirilo-Munoz v. United States*, 404 F.3d 527, 533 (1st Cir. 2005); *Guzman v. United States*, 404 F.3d 139, 144 (2d Cir. 2005); *In re Elwood*, 408 F.3d 211, 213 (5th Cir. 2005); *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005); *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005).

Mr. Mendoza-Morales that § 2255 places a restriction on second or successive habeas petitions.

For the above reasons, **IT IS HEREBY ORDERED**:

1. Mr. Mendoza-Morales' Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, **(Ct. Rec. 43),** is **DENIED IN PART** (*Booker*-related claim) **and HELD IN ABEYANCE IN PART** (ineffective assistance of counsel claim) **until October 21, 2005.**

2. Mr. Mendoza-Morales' Motion for Appointment of Counsel, **(Ct. Rec. 44),** is **DENIED,** given that the Court has not determined that an evidentiary hearing is warranted at this stage.  Rule 8(c) foll. 28 U.S.C. § 2255.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and provide a copy of this Order to Defendant/Petitioner at the following address:

> Luis Mendoza-Morales
> Reg. No. 10699-085
> Benton County Corrections
> Building B, Pod 303-1
> 7122 W. Okanogan Place
> Kennewick, WA 99336

**DATED** this ___16th___ day of September, 2005.

<pre>
                    s/Edward F. Shea
                    EDWARD F. SHEA
                 United States District Judge
</pre>

Q:\Criminal\2002\0208.habeas.booker.wpd

ORDER ~ 9