UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Respondent,<br><br>    v.<br><br>LUIS MENDOZA-MORALES,<br><br>    Petitioner. | NO. CR-02-0208-EFS<br>[NO. CV-05-0268-EFS]<br><br>**ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE SENTENCE AND CLOSING CIVIL FILE** |

BEFORE THE COURT is Petitioner Luis Mendoza-Morales' Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Ct. Rec. 43) and Ineffective Assistance of Counsel Declaration (Ct. Rec. 47). Upon receipt of a 28 U.S.C. § 2255 habeas petition, the district court is required to review the motion, files, and records, to determine whether they "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255 ¶ 2. After the initial review, the Court dismissed Mr. Mendoza Morales' *Booker*-related claim[1] and requested Mr. Mendoza-Morales supplement his ineffective assistance

---

[1] The Court dismissed Mr. Mendoza Morales' *Booker*-related claim challenging the constitutionality of his sentence, which was imposed under the "mandatory" U.S. Sentencing Guidelines, given that *United States v. Booker*, 125 S. Ct. 738 (2005), was decided following Mr. Mendoza Morales' direct appeal.

ORDER ~ 1

of counsel claim; Mr. Mendoza-Morales did so on October 24, 2005. After reviewing the declaration submitted, the Court conclusively determines Mr. Mendoza-Morales is not entitled to relief under his ineffective assistance of counsel claim. Accordingly, the Court denies his petition.

The right to effective assistance of counsel in criminal proceedings is bestowed by the Sixth Amendment. This right is violated when defense counsel's performance falls below an objective standard of reasonableness and the criminal defendant is prejudiced by such deficiency. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's decisions are "examined according to what was known and reasonable at the time the attorney made his choices." *Hendricks v. Caleron*, 70 F.3d 1032, 1036 (9th Cir. 1995). A court must defer to defense counsel's decision if it was within the range of reasonable professional assistance. *Lang v. Callahan*, 788 F.2d 1416 (9th Cir. 1986); *United States v. Ferreira-Alameda*, 804 F.2d 543, 546 (9th Cir. 1986). A criminal defendant is prejudiced if there was a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Mr. Mendoza-Morales claims counsel Amy Schwering failed to mention the word "enhancement"[2] and inform him of a "3 year term," prior to entry of his guilty plea. However, Mr. Mendoza-Morales does state that Ms. Schwering mentioned, if Defendant went to trial, he could be looking at twenty years. At sentencing, Amy Rubin represented Mr. Mendoza-Morales. He states, even at sentencing, he was not told that the enhancement would

---

[2] The Court presumes Mr. Mendoza-Morales' reference to "enhancements" pertains to U.S. Sentencing Guidelines enhancements.

ORDER ~ 2

double his sentence and claims that he learned of the enhancement on or about August 5, 2005, when reviewing discovery.

Mr. Mendoza-Morales entered into a Plea Agreement (Ct. Rec. 23) with the Government, which was accepted by the Court, on August 19, 2003. This Plea Agreement advised Mr. Mendoza-Morales of the maximum penalties under the statute, including a twenty-year term of imprisonment and a three-year term of supervised release.  The Plea Agreement did not specify an anticipated U.S. Sentencing Guideline range, but rather noted "[a]t the time of sentencing, the United States agrees to recommend that the Court impose a sentence at the low end of the applicable sentencing guideline range to be followed by a three (3)-year term of supervised release."  (Ct. Rec. ¶ 7.)  Thus, the Plea Agreement does not set out a specific sentencing guideline calculation; and the Court assumes for purposes of this Order that Ms. Schwering did not discuss the potential sentencing guideline calculations with the Defendant and, more specifically, did not discuss any potential U.S. Sentencing Guideline "enhancements."  Nevertheless, the Court concludes Mr. Mendoza Morales cannot establish ineffective assistance of counsel.  The Ninth Circuit has stated defense counsel's inaccurate prediction of a sentence does not constitute ineffective assistance of counsel. *United States v. Turner*, 881 F.2d 684, 687 (9th Cir. 1989), *overruled on other grounds by United States v. Rodriguez-Razo*, 962 F.3d 1418 (9th Cir. 1992).  Based on the Ninth Circuit's reasoning in *Turner*, the Court finds counsel's failure to discuss applicable sentencing enhancements prior to entry of a guilty plea does not constitute ineffective assistance of counsel, as long as the defendant is advised of the maximum sentence.  Mr. Mendoza Morales concedes Ms. Schwering informed him of a twenty-year statutory maximum.

ORDER ~ 3

Moreover, even if counsel's performance was deficient, Mr. Mendoza Morales cannot establish prejudice, given that the seventy-seven month sentence he received is significantly less than the twenty-year maximum sentence he was warned of. *See id.*; *Knight v. United States*, 37 F.3d 769, 775 (1st Cir. 1994). Similarly, the Court finds Mr. Mendoza Morales cannot establish prejudice as a result of any failure of Ms. Rubin to discuss sentencing enhancements.[3] Accordingly, **IT IS HEREBY ORDERED:** Mr. Mendoza-Morales' Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody **(Ct. Rec. 43)** is **DENIED**. All other pending motions are **DENIED AS MOOT**. The related civil file shall be **CLOSED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide a copy of this Order to Defendant/Petitioner at the following address:

///
///
///
///
///

---

[3] The Presentence Investigation Report included a sixteen-level enhancement under U.S. Sentencing Guideline § 2L1.2(b)(1)(A)(I) because of Defendant's prior conviction for drug trafficking offense with a sentence exceeding thirteen months. The Court determined the sentencing enhancement was appropriate and imposed a sentence at the low-end of the applicable guideline range. (Ct. Recs. 32 & 33.) Accordingly, the enhancement was discussed in the report and at the sentencing hearing.

ORDER ~ 4

```
              Luis Mendoza-Morales
              Reg. No. 10699-085
              Benton County Corrections
              Building B, Pod 303-1
              7122 W. Okanogan Place
              Kennewick, WA 99336
```

**DATED** this ___3rd___ day of November, 2005.

```
              S/ Edward F. Shea
              EDWARD F. SHEA
           United States District Judge
```

Q:\Criminal\2002\0208.habeas.ineffect.wpd

ORDER ~ 5